# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LESTER WARD** | **CIVIL ACTION NO:** |
| **VERSUS** | **JUDGE:** |
| **W&T OFFSHORE, INC.** | **MAG JUDGE:** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Lester Ward, a person of the full age of majority domiciled in the Parish of Lafourche, State of Louisiana, and who with respect represents the following:

### I. DEFENDANT

1. Made defendant herein is **W&T OFFSHORE INC.**, a Texas corporation subject to the jurisdiction of this Court.

### II. JURISDICTION

2. Federal jurisdiction is based upon the Outer Continental Shelf Lands Act, 43 U.S.C. 1331 et seq., or, alternatively, 33 USCA § 902, et seq., 905(b), as Plaintiff, Lester Ward, was injured due to the negligence of the Defendant on or near W&T Offshore, Inc., Ship Shoal 349 platform located on the Outer Continental Shelf.

### III.  FACTS

3. At all times pertinent herein, Quanta/Performance Energy Services, L.L.C., (hereinafter referred to as "Performance") was the employer of Plaintiff, Lester Ward.  On this particular day Plaintiff was working as a construction rigger on a fixed oil production platform owned and operated by Defendant, W&T Offshore, Inc.  The platform was located on the Outer Continental Shelf off the coast of Louisiana in the Gulf of Mexico located at or around Ship Shoal Block 349 (hereinafter referred to as "SS349").

4. Upon information and belief, Performance was hired by W&T Offshore Inc., for purposes of welding a crane onto the top deck of SS349.  On January 3, 2020, Plaintiff along with fellow riggers were awaiting the preparation of the top deck of the SS349 platform so that the crane could be welded to the platform deck.

5. Upon further information and belief, the platform deck was covered in large amounts of drilling mud that had to be removed before the crane could be welded in place. There was no cleanup equipment or personnel on the SS349 platform to clean up the mud. Plaintiff and fellow Performance employees had to manually shovel drilling mud into buckets and manually haul them to the drilling mud baskets.

6. While manually moving the buckets full of drilling mud, Plaintiff, Lester Ward, suffered serve and debilitating injuries to his lumbar spine. The full extent of his injuries is not yet known.

### IV.  CAUSES OF ACTION

7. The Outer Continental Shelf Lands Act provides for the application of state law as surrogate federal law on the Outer Continental Shelf. In addition, Plaintiff makes all available claims under Louisiana law to the extent it may apply.

8. Plaintiff therefore makes a claim against Defendant for negligence per the Louisiana law of negligence found in La. Civil Code art. 2315. Defendant was negligent in, but not limited to:

   a) Failing to provide Lester Ward a safe place to work;

   b) Negligent in ensuring that the proper equipment necessary for the removal and clean up of drilling mud was located on the platform;

   c) Failing to follow protocols, and proper safety and control policies;

   d) Failing to provide adequate equipment;

   e) Failing to implement adequate policies and procedures;

   f) Any and all other acts of negligence which will be shown more fully at trial.

9. Defendant's conduct, by way of any act or omission as set forth herein, was a proximate cause of the Plaintiff's injury or damage.

## V. DAMAGES

10. Plaintiff has suffered physical pain, disability and mental anguish and will continue to suffer same for the balance of his natural life. Further, as a result of the injuries sustained, Plaintiff has lost wages and benefits and will continue to lose wages and benefits and/or experience a loss of wage-earning capacity in the future. Plaintiff itemizes his damages as follows:

   a) Physical pain and mental anguish, past, present and future;

   b) Medical expenses, past, present and future;

   c) Lost wages and/or diminished earning capacity and loss of benefits, past, present and future;

   d) Permanent disability and scarring, past, present and future;

   e) Any other damages which may be proven at the trial of discovered prior to trial.

## VI.  PRAYER

11.     Wherefore, Plaintiff, Lester Ward, prays for judgment against the Defendant, W&T Offshore, Inc., as follows:

a)  In favor of Lester Ward for such damages as are reasonable for the injuries he sustained in the aforementioned accident;

b)  Legal interest on the amounts prayed for from date of judicial demand until paid and all costs of these proceedings;

c)  For all general and equitable relief to which he may be entitled.

                      Respectfully submitted by:

                      /S/ Joseph Waitz, III
                      JOSEPH L. WAITZ, III, T.A. (La. Bar #36069)
                      HUNT DOWNER, (La. Bar #05046)
                      JOSEPH L. WAITZ, JR. (La. Bar #17848)
                      MARY W. RIVIERE (La. Bar #19201)
                      DAVID C. PELLEGRIN (La. Bar #34957)
                      WAITZ AND DOWNER
                      423 Goode Street
                      Houma, LA 70360
                      Telephone: 985-876-0870
                      Facsimile: 985-876-0213
                      Attorneys for Plaintiff

**PLEASE SERVE:**

W&T OFFSHORE, INC.
through its registered agent for service:
C T CORPORATION SYSTEM
3867 Plaza Tower Dr.
Baton Rouge, LA 70816